UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DELPHON INDUSTRIES, LLC,            )<br>                                                              )<br>               Plaintiff,                         )<br>      v.                                                 )<br>                                                              )<br>INTERNATIONAL TEST SOLUTIONS INC., )<br>ET AL.,                                               )<br>                                                              )<br>               Defendants.                     )<br>_____ ) | Case No.: 11-CV-1338-PSG<br><br>**ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>(Re: Docket No. 33) |

On May 9, 2011, Defendant International Test Solutions, Inc. ("ITS") filed a counter-complaint and a motion for a temporary restraining order against Plaintiff Delphon Industries, LLC ("Delphon"). For the reasons discussed below, the motion for a temporary restraining order is DENIED.

On October 22, 1999, ITS and Delphon's predecessor-in-interest GEL-PAK LLC ("GEL-PAK") entered into an agreement that GEL-PAK would supply probe card cleaning materials for ITS to distribute. Under this agreement, GEL-PAK could not solicit orders in this probe card cleaning market while the agreement was in place, and could not market to ITS's customers for three years after the termination of the agreement. On March 21, 2011, Delphon filed the Complaint initiating this lawsuit. Delphon alleges, among other claims, that ITS breached the agreement. On March 31, 2011, Delphon began to sell probe card tip cleaning materials through a distributor, Complete Probe Solutions ("CPS").

1

Case No.: 11-1338
ORDER

On May 9, 2011, ITS filed its counter-complaint and this motion for a temporary restraining order.[1] ITS bases its restraining order motion on claims that Delphon's actions upon entering the probe card tip cleaning materials market constitute violations of the non-compete agreement,[2] trade secret misappropriation, tortious interference with business relationships, and violations of California's unfair competition law.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[3] "Courts have consistently identified a showing of likely irreparable harm as the single most important prerequisite for the issuance of a preliminary injunction. Plaintiff must make that showing before the other requirement for the issuance of a preliminary injunction need even be considered."[4] These standards apply with equal or greater force to an issuance of a temporary restraining order, where the record is even less developed. At this time, ITS has presented insufficient evidence supporting its argument that any irreparable harm is likely to occur.

ITS first argues that ITS will suffer irreparable harm from the disclosure of its trade secrets. In particular, ITS offers a declaration from Alan Eugene Humphrey ("Humphrey"). Humphrey explains that an unidentified customer, for whom ITS has developed confidential cleaning-material

---

[1] The pending motion is ITS's second motion for a temporary restraining order. *See* Docket No. 11. The court denied the previous motion based on a lack of subject matter jurisdiction. *See* Docket No. 31.

[2] The court notes that ITS has not alleged breach of contract in its counter-complaint.

[3] *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 374 (2008).

[4] *Inspection Management Systems, Inc v. Open Door Inspections, Inc.*, No. 2:09-cv-00023-MCE-GGH, 2009 WL 805813, at *3 (E.D. Cal., Mar. 26, 2009) (citing *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260-61 (10th Cir.2004)); *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) ("At a minimum, a plaintiff seeking preliminary injunctive relief must demonstrate that it will be exposed to irreparable harm. Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. A [movant] must do more than merely allege imminent harm sufficient to establish standing; a [movant] must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief").

specifications that are the subject of a non-disclosure agreement, stated that it had been contacted by Delphon and another Delphon distributor, Silicon Connections. Delphon and Silicon Connections reportedly told the customer that Delphon would sell cleaning materials that were the same as ITS's using the confidential specification developed by ITS for the customer. The customer then demanded that ITS lower its price. Humphrey does not state, however, whether the customer claimed to have given the specification to Delphon or that it had any intent to do so. This declaration regarding one customer's behavior, which is both vague and hearsay, does not establish that the specification was actually disclosed to, in the possession of, or being used by Delphon, or even that disclosure, possession, or use is imminent.

ITS next argues that it will suffer irreparable harm because Delphon is inducing other customers to disclose their trade-secret specifications. In support of its argument that Delphon is inducing such disclosures, ITS submits an email sent from CPS to one of ITS's customers. But this email, which Delphon describes as part of a "spam" campaign not aimed specifically at ITS's customers, does not mention ITS or ITS's products. Based on this document alone, there is simply no basis to conclude that Delphon would need to use ITS's trade secrets reflected in the specification if an ITS customer did purchase a Delphon product.

ITS further argues irreparable harm from injury to its reputation. ITS points to Humphrey's declaration that ITS was told by an unidentified customer in 2009 that Delphon claimed one of its products was the same as that sold by ITS and that Delphon was the manufacturer of all of ITS's products. Humphrey further declares that ITS was told by an unidentified customer in November 2010 that Darby Davis, Delphon's president, claimed that Delphon was the manufacturer of all the material that ITS sells and could make the same for half the price. ITS contends that because Delpon's product is of a lower quality, these false comparisons will result in reputational injury. Once again, however, the court finds the declaration, which is vague and hearsay, regarding statements made at least six months ago, to be insufficient evidence to show that irreparable injury to ITS's reputation is imminent.[5]

---

[5] Although ITS's motion does not rely on its trademark and copyright claims to show irreparable injury (*see* 5/9/11 Motion for Temporary Restraining Order (Docket No. 33) at 23), the court is

3

Case No.: 11-1338
ORDER

While ITS has suggested that Delphon's actions will lead to lost sales and price diminution, monetary injury due to lost revenues is not normally considered irreparable damage for purpose of preliminary injunction.[6]  "[T]he temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury . . . 'The key word in this consideration is irreparable.  Mere injuries, however substantial, in terms of money, time and energy necessarily expended . . . are not enough.  The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.'"[7] ITS has not shown that harm resulting from lost revenues will be irreparable.

In light of the record presented to date, ITS has not established that it is likely to suffer irreparable harm in the absence of preliminary relief.  The motion for a temporary restraining order therefore is DENIED.

Based on the title of and the prayer for relief in the counter-complaint, the court understands that ITS seeks a preliminary injunction in this case.  A hearing on the motion for preliminary injunction shall be held on May 31, 2011 at 10 a.m.  Live testimony will be permitted, but not required.  Both parties may commence discovery immediately.  ITS shall file its moving papers no later than May 23, 2011 and Delphon shall file its opposition no later than May 27, 2011.  No reply will be considered.

**IT IS SO ORDERED.**

Dated: May 10, 2011

*(signature)*
PAUL S. GREWAL
United States Magistrate Judge

---

similarly unpersuaded by the record on these claims that Delphon's actions will lead to consumer confusion and irreparable injury.

[6] *See Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197 (9th Cir. 1980).

[7] *Id.* (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)).

4
Case No.: 11-1338
ORDER